UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN NORFLEET,

        Petitioner,

vs.                                        Case No. 3:20-cv-293-BJD-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## <u>ORDER</u>

## I.  STATUS

Petitioner John Norfleet filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1), an Appendix (Doc. 2), and a Memorandum of Law and Fact Supporting Petition for Writ of Habeas Corpus (Doc. 3).  He challenges a 2016 state court (Duval County) conviction for first degree felony murder and aggravated child abuse.  Respondents filed an Answer in Response to Petition for Writ of Habeas Corpus (Response) (Doc. 11) and Exhibits (Doc. 11).[1]  Petitioner filed a Reply to

---

[1] Respondents filed Exhibits (Doc. 11).   The Court hereinafter refers to the exhibits as "Ex."  Where provided, the page numbers referenced for the Exhibits are the Bates stamp numbers at the bottom of each page, otherwise, the page numbers on the particular exhibit will be referenced.

Respondent's Answer in Response to Petition for Writ of Habeas Corpus (Reply) (Doc. 13).[2]   See Order (Doc. 9).

Petitioner raises five grounds in the Petition.   In his Reply, Petitioner concedes grounds four and five of the Petition.   Reply at 2-3.   The remaining grounds before this Court are: (1) ineffective assistance of counsel for failure to object to the trial court's declaration of witnesses Emily Haynes, Dr. Pena, Dr. Buchsbaum, and Dr. Meadows as experts in their fields; (2) ineffective assistance of counsel for failure to object to the state's expert witnesses testifying about whether Petitioner did or did not have a mental state or condition that amounted to insanity; and (3) the trial court erred in denying a motion for mistrial after the prosecutor implied that Petitioner was aware that what he was doing was against the law because his children had been removed from their biological mother in Michigan for different conduct, violating Petitioner's right to a fair trial and due process of law pursuant to the Fourteenth Amendment to the United States Constitution.[3]

---

2  The Court references the docket and page numbers assigned by the electronic filing system for the Petition, Response and Reply.


3  Although Petitioner references the right to a fair trial under the Sixth Amendment, "[t]he Constitution guarantees a fair trial through the Due Process Clauses[.]" Strickland v. Washington, 466 U.S. 668, 684-85 (1984).

2

No evidentiary proceedings are required in this Court.   The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess the claims without any further factual development.   Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## II.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir.) (quoting 28 U.S.C. § 2254), cert. denied, 142 S. Ct. 599 (2021). For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district court must employ a very deferential framework.   Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), cert. denied, 141 S. Ct. 2469 (2021); Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

3

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, 142 S. Ct. 441 (2021).   The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413, 120 S. Ct. 1495.

Lee, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.   McKiver, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when

determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).   Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."   Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)).   See Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)).   This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference."   Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, 142 S. Ct. 124 (2021).   As such, a federal

5

district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.   Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part Strickland standard governs claims of ineffective assistance of counsel.   Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021).   See Freeman v. Comm'r, Ala. Dep't of Corr., 46 F.4th 1193, 1220 (11th Cir. 2022) ("In an ineffective assistance of counsel claim, § 22543(d)'s terms are judged by the standard set forth in Strickland v. Washington.").   Pursuant to this standard, a defendant must show: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense.   Strickland, 466 U.S. at 687.   A district court need not address both prongs if a petitioner makes an insufficient

showing on one.   Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam) (relying on Strickland), cert. denied, 142 S. Ct. 788 (2022).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'"   Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), cert. denied, 142 S. Ct. 1234 (2022).   Additionally, combining the deferential standard for judging the performance of counsel with the extra layer of deference that § 2254 provides, the resulting double deference "is doubly difficult for a petitioner to overcome[.]" Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (2011).

"And to determine whether [Petitioner] is entitled to habeas relief[,]" this Court "must ask (1) whether the [state court] decisions were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined' in Strickland, or (2) whether the . . . decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   Whatley v. Warden, Ga. Diagnostic & Classification Ctr., 927 F.3d 1150, 1175 (11th Cir. 2019) (citations and internal

quotation marks omitted), <u>cert. denied</u>, 141 S. Ct. 1299 (2021).  This Court must be ever mindful that a state court's decision must be given deference and latitude and therefore the AEDPA standard is, as a consequence, quite difficult to meet.

## IV.   GROUND ONE

In ground one, Petitioner raises a claim of ineffective assistance of trial counsel, claiming counsel performed deficiently for failure to object to the trial court's declaration of witnesses Emily Haynes, Dr. Pena, Dr. Buchsbaum, and Dr. Meadows as experts in their respective fields.   Petition at 21.   Petitioner did not raise this particular claim of ineffective assistance of counsel in his Rule 3.850 motion.   Ex. M at 1-11.   He obviously knew of the thrust of the underlying claim as his appellate counsel raised a similar claim of trial court error: ("[t]he trial court erred when it declared state witnesses Emily Hayes, Dr. Pena, Dr. Buchsbaum, and Dr. Meadows to be experts in the presence of the jury.").   Ex. D at i.

Respondents submit that the claim of ineffective assistance of counsel raised in ground one is unexhausted and procedurally defaulted.   Response at 8-12.   The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that

8

state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[4] supra, at 747-748, 111 S. Ct. 2546; Sykes,[5] supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted state court remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and

---

4  Coleman v. Thompson, 501 U.S. 722 (1991).

5  Wainwright v. Sykes, 433 U.S. 72 (1977).

it is clear from state law that any future attempts at exhaustion would be futile.'"  Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine.  "To overcome procedural default, the prisoner must demonstrate 'cause' to excuse the procedural defect and 'actual prejudice' if the federal court were to decline to hear his claim."  Shinn v. Ramirez, 142 S. Ct. 1718, 1728 (2022) (citing Coleman, 501 U.S. at 750).  To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court.  Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).  If cause is established, a petitioner must demonstrate prejudice.  To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."  Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).  The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction

of the actually innocent.  <u>Kuenzel v. Comm'r, Ala. Dep't of Corr.</u>, 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting <u>Schlup</u>, 513 U.S. at 324), <u>cert. denied</u>, 569 U.S. 1004 (2013).

Upon review, Petitioner's claim of ineffective assistance of counsel is unexhausted and procedurally defaulted.  As Petitioner has failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, the court deems the claim of ineffective assistance of counsel raised in ground one procedurally defaulted, and Petitioner is procedurally barred from raising ground one in this proceeding.

The Court finds Petitioner has shown neither cause nor prejudice for failure to properly present ground one in the state courts.  As such, the claim is unexhausted and procedurally defaulted.  To the extent Petitioner claims his procedural default should be excused based on the narrow exception under <u>Martinez</u>, Petition at 19-22; Reply at 5, 8, Petitioner must demonstrate the underlying ineffectiveness claim is substantial (has some merit).[6]  <u>Martinez</u>, 566 U.S. at 14.  As Petitioner relies on <u>Martinez</u>, the Court will undergo a merits analysis for ground one.   In this instance, the underlying

---

[6] The record demonstrates Petitioner did not have counsel for the filing of his post-conviction Rule 3.850 motion.   Ex. M.

11

ineffectiveness claim lacks merit; therefore, Petitioner has not demonstrated he can satisfy an exception to the procedural bar.

The only issue at trial was whether Petitioner was insane.   There was no dispute that Petitioner was the individual who administered the punishment to the child victim with a "rod" that resulted in the child's death. Petitioner admitted to the police he had beaten his daughter with a rod, it was uncontested that the beating caused the victim's death, and it was uncontested that Petitioner handled the rod used during the beating.

Even assuming counsel's performance was deficient, Petitioner cannot establish the required <u>Strickland</u> prejudice standard.   Petitioner has failed to show that it was reasonably likely that but for counsel's deficient performance, the result of the proceeding would have been different.   Indeed, as noted by the First District Court of Appeal (1st DCA), "we have no doubt that a guilty verdict could have been-and would have been-obtained without these declarations [of the trial court]."   Ex. G at 4.   The 1st DCA referenced three "independent grounds" for rendering its decision on the claim of trial court error.   First, Petitioner did not dispute the "whooping" that caused his daughter's death as his defense was insanity and the experts for both the state and the defense were both declared experts in the same manner, equalizing any bolstering of credibility by the court's declaration of expertise.   <u>Id</u>. at 4-5.

12

Second, the trial court, after each declaration, explained that the witnesses' status merely allowed the witness to offer a different type of testimony: an opinion, consistent with the Florida Standard Jury Instruction concerning an expert witness giving an opinion.   Id. at 5-6.   Third, there was a wealth of evidence against Petitioner, Petitioner did not contest the act resulting in the victim's death, and the only disputed issue at trial, Petitioner's claim of insanity that was countered by the state's expert witness, Dr. Meadows, was offset by the court's declaration that the defense witness on this issue, Dr. Waldman, was also an expert.   Id. at 6.   As such, the 1st DCA found there was no deprivation of due process or denial of a fair trial.   Id.

Therefore, even if counsel had acted as Petitioner suggests she should have, the key witnesses on the question of Petitioner's sanity, Dr. Meadows and Dr. Waldman, would have still offered an opinion in their respective fields, followed by the court giving the relevant Florida Standard Jury Instruction:

> Expert witnesses as we've talked about are like other witnesses with one exception:   The law permits an expert witness to give his opinion.   However, an expert witness' opinion is reliable only when given on a subject about which you believe he or she to be an expert.   Like other witnesses you may believe or disbelieve all or any part of an expert witness' testimony.

13

Ex. B at 791.   Thus, the trial court's declaration of expertise of these individuals was of no real consequence under these circumstances, particularly since Petitioner's "defense was extremely weak."   Ex. G at 4.   As such, Petitioner cannot demonstrate that but for the failure of counsel to object to the court's declaration of the witnesses being experts in their respective fields, the outcome of the trial would have been different.

The Court concludes Petitioner's unexhausted claim of ineffective assistance of counsel is not substantial, and Petitioner has failed to show he falls within the narrow parameters of the ruling in Martinez.   As he has failed to demonstrate that the underlying claim of ineffective assistance of counsel is a substantial one, Petitioner does not meet the narrow exception set forth in Martinez and his default is not excused.

Therefore, the Court finds ground one is unexhausted and procedurally defaulted.   Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground one.   Furthermore, Petitioner has not demonstrated that he meets the allowable exceptions to the procedural default doctrine.   Having failed to establish cause for the procedural default of ground one, the Court finds it is procedurally barred and should not be addressed on its merits in this federal habeas proceeding.   Thus, ground one is due to be denied as barred.

## V.   GROUND TWO

In ground two, Petitioner raises a claim of ineffective assistance of trial counsel, claiming counsel performed deficiently for failure to object to the state's expert witnesses testifying about whether Petitioner did or did not have a mental state or condition that amounted to insanity.   Petition at 28. Petitioner did not raise this particular claim of ineffective assistance of counsel in his Rule 3.850 motion.   Ex. M at 1-11.   Respondents contend the claim of ineffective assistance of counsel raised in ground two is unexhausted and procedurally defaulted.   Response at 21-25.

Petitioner concedes that he did not present this claim of ineffective assistance of counsel in the state courts.   Petition at 28-29.   He has shown neither cause nor prejudice for failure to properly present this claim in the state courts.   Also, he has not established any factors warranting the application of the fundamental miscarriage of justice exception.   Thus, the Court finds ground two is unexhausted and procedurally defaulted.

Petitioner argues that his procedural default should be excused based on the reasoning of <u>Martinez</u> because he did not have post-conviction counsel. Petition at 28-29.   He contends that the procedural default was caused by the lack of post-conviction counsel, the collateral proceeding was the first opportunity to raise the procedurally defaulted claim, and the procedurally

defaulted claim, ground two, has some merit.   As Petitioner relies on the narrow, equitable, non-constitutional exception to the holding in <u>Coleman</u>, this Court will undergo a merits analysis of ground two.   Per <u>Martinez</u>, this Court must ask whether Petitioner has satisfied the standard for excusing default. In order to meet the standard, Petitioner must demonstrate the underlying ineffective assistance of counsel claim is substantial.

In this ground for relief, Petitioner argues that the medical examiner, Dr. Buchsbaum, impermissibly testified on the ultimate question of fact when he testified that the cause of victim's death was homicide.   Petition at 29-30. Petitioner also contends Dr. Meadows impermissibly opined that Petitioner did not suffer from any major mental illness or meet the criteria for a mental infirmity or defect, and further improperly opined that Petitioner understood what he was doing and the wrongful nature of his actions.   <u>Id</u>. at 30.   Finally, Petitioner argues that but for Dr. Pena's "non-expert" testimony regarding intent and state of mind, the outcome probably would have been different.   <u>Id</u>. at 31.

Regarding his claim of ineffective assistance of counsel, Petitioner contends that no defense counsel acting within the norms of professional responsibility would have failed to object to the state's experts providing opinions on the ultimate questions that went to Petitioner's insanity defense.

16

Id.   He submits that these experts (or so-called expert), through their unbridled testimony, invaded those matters that were for the trier of fact alone. Id.

Here, counsel did not perform deficiently.   Rather than objecting, defense counsel utilized cross-examination to have Dr. Buchsbaum address and ultimately distinguish homicide from murder.   Ex. B at 524.   Defense counsel inquired, "[s]o homicide means that death was caused one human being by another as opposed to suicide[.]" Id. at 523-24.   Dr. Buchsbaum responded, yes.   Id. at 524.   When Dr. Buchsbaum began to stray off point and discuss intent to do harm, defense counsel specifically asked if Dr. Buchsbaum was attempting to give an opinion as to sanity or insanity, and he responded in the negative.   Id.   As such, Dr. Buchsbaum, a pathologist, did not present an opinion on the ultimate issue of Petitioner's state of mind: sanity or insanity.

However, of import, the prosecutor did ask Dr. Meadows, a forensic psychologist, whether he was able to diagnose Petitioner with any mental illness.   Id. at 652.   Dr. Meadows responded affirmatively and opined that Petitioner "does not suffer from any major mental illness."   Id.   Dr. Meadows did not diagnose Petitioner with any mental defects or abnormalities, nor did Dr. Meadows find any delusional disorder or any type of mental illness.   Id. at

652-53.  Finally, he opined that Petitioner "does not meet the criteria for having a mental disease, mental infirmity or defect" and "understood what he was doing[.]" Id. at 663.

Petitioner's counsel did not perform deficiently by failing to object to the state's expert commenting on the ultimate issue to be decided by the jury as this was Dr. Meadows' area of expertise, and under Florida law, an expert may provide testimony concerning the ultimate issue on the question of sanity.   In fact, "Florida courts have previously allowed properly qualified experts to testify as to whether the defendant was or was not sane at the time of the crime." Reynolds v. State, 837 So.2d 1044, 1047 (Fla. 4th DCA 2002).  See Fla. Stat. § 90.703 ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.").

As such, if counsel had performed as Petitioner suggests she should have, the state court would have overruled the objections.   Here, counsel did not perform deficiently by failing to raise meritless objections.   See Hollis v. United States, 958 F.3d 1120, 1124 (11th Cir. 2020) (per curiam) (failure to raise meritless objection not constitutionally ineffective assistance of counsel). It is quite apparent, an objection by counsel would not have been successful.

Apparently, Petitioner concedes that Respondents' argument concerning Dr. Meadows is correct.   Reply at 10.   Petitioner admits that as an expert in the field of psychology, Dr. Meadows properly gave his opinion on Petitioner's state of mind.   Id.

Petitioner originally argued that Dr. Pena's was not an expert in pediatrics and child abuse because he was still in his residency.   Petition at 25.   Petitioner concedes this factor as well.   Reply at 6.   Respondents note that although Dr. Pena had not completed his specialized training, it did not disqualify him as an expert, this factor merely went to the weight the jury could give his testimony.   Response at 19 n.2.   Dr. Pena opined that, within a reasonable degree of medical certainty, the victim died as a result of abusive trauma over time with a lack of medical intervention.   Ex. B at 474.   Given the above, Dr. Pena's testimony was well-within the area of his expertise and was not otherwise objectionable.

Upon review, Dr. Pena was not asked, nor did he provide his opinion on the ultimate question of Petitioner's sanity at the time of the offense. Petitioner has conceded that Dr. Pena could testify as an expert even though he had not completed his training.   Reply at 6.   Consequently, counsel did not perform deficiently in failing to object to Dr. Pena's testimony.

Petitioner has not demonstrated the claim of ineffective assistance of counsel for failure to object to the state's expert witnesses testifying about whether Petitioner did or did not have a mental state or condition that amounted to insanity has some merit.   Dr. Buchsbaum and Dr. Pena did not present opinions on the ultimate issue of Petitioner's state of mind and whether he was insane at the time of the offenses.   Dr. Meadows did; however, as that was Dr. Meadows' area of expertise, in Florida, he could provide expert testimony concerning the ultimate issue - the question of sanity.

As Petitioner has failed to demonstrate the ineffective assistance of counsel claim is a substantial one, the narrow exception set forth in <u>Martinez</u> is inapplicable and does not excuse the procedural default of ground two. Thus, Petitioner has failed to establish cause for the procedural default of his claim raised in ground two and the Court finds his default is unexcused. Accordingly, ground two is deemed procedurally barred and ultimately defaulted.

## VI.   GROUND THREE

In his third ground, Petitioner raises a claim of trial court error. Petition at 32.   He claims the trial court erred in denying a motion for mistrial after the prosecutor implied that Petitioner was aware that what he was doing was against the law because his children had been removed from their

biological mother in Michigan for different conduct, violating Petitioner's right to a fair trial and due process of law pursuant to the Fourteenth Amendment. Id. He contends he exhausted this ground for relief by raising it on direct appeal. Id. at 32, 34.

Respondents assert that Petitioner failed to alert the state court to the federal nature of the claim raised on direct appeal as he relied on state law and did not reference any federal cases, law, or the United States Constitution. Response at 26. Respondents also contend that referring to an analogous state law claim is insufficient for exhaustion purposes. Id. at 26-27. As such, Respondents submit that this ground is procedurally barred as Petitioner did not exhaust his state court remedies and he cannot now return to state court to assert this federal claim as it is forever barred. Id. at 28.

In addressing the question of exhaustion, the Court must inquire as to whether the claim presented to this Court was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim. This must be a fair presentation to the state courts, which may include presenting the federal source of law, referencing a case deciding such a claim on federal grounds, or labeling the claim federal while providing adequate support. Baldwin v. Reese, 541 U.S. 27, 32 (2004). However, merely citing the federal constitution is not enough to exhaust state court

remedies.   Washington v. Sec'y, Fla. Dep't of Corr., No. 3:13-cv-1180-J-34JRK, 2018 WL 501558, at *2 (M.D. Fla. Jan. 22, 2018) (not reported in F. Supp.).[7] In short, the state courts must be given a meaningful opportunity to address a federal claim.

A petitioner cannot satisfy the exhaustion requirement merely by going through the state courts, by presenting the state court with facts necessary to support the claim, or by raising a somewhat similar state-law claim.   Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004) (citations omitted), 545 U.S. 1149 (2005).   The Eleventh Circuit has opined:

> In other words, "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir.2007) (quoting Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.1998)) (concluding that the petitioner's claims were raised where the petitioner had provided enough information about the claims (and citations to Supreme Court cases) to notify the state court that the challenges were being made on both state and federal grounds).

_____

[7] The Court finds the reasoning of Washington persuasive on this point.   See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but not binding precedent.)   See Rule 32.1, Fed. R. App. P.   The Court references other unpublished decisions as persuasive authority, not as binding precedent.

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1352 (11th Cir. 2012), cert. denied, 568 U.S. 1104 (2013).

On direct appeal, Petitioner did not reference the federal source of law or any cases deciding the claim on federal grounds, and he did not refer to the claim as federal or based on the United States Constitution.   Ex. D.   See Response at 26.   Furthermore, he did not provide any citations to United States Supreme Court cases.   Ex. D at ii.   Petitioner contends that raising an analogous state claim in state court was sufficient to exhaust his federal claim. No such general rule has been adopted by the Eleventh Circuit.   Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 460 (11th Cir. 2015).   Therefore, "[i]n the context of exhaustion, 'it is not at all clear that a petitioner can exhaust a federal claim by raising an analogous state claim,' even if the federal and state rights are identical in content."   Raulerson v. Warden, 928 F.3d 987, 1005 (11th Cir. 2019) (citing Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 460 (11th Cir. 2015)), cert. denied, 140 S. Ct. 2568 (2020).   See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) (a petitioner must fairly present the substance of his federal claim to the state courts and raising a somewhat similar state-law claim is simply not enough).

After a thorough review of the record before the Court, the Court finds Petitioner failed to exhaust a constitutional claim in the state courts with

respect to ground three of the Petition.  Indeed, Petitioner "did not plainly assert the federal basis for his prosecutorial misconduct claim[.]" Parrish v. Davenport, No. 2:16-cv-292-WHA, 2018 WL 6985118, at *7 (M.D. Ala. Dec. 12, 2018) (not reported in F. Supp.), report and recommendation adopted by 2019 WL 150544 (M.D. Ala. Jan. 9, 2019).   Additionally, "he did not rely on federal law in his appeal, and this court does not read a federal claim into those proceedings." Id.   Finally, he did not argue that he was denied due process of law or a fair trial under federal law in his brief on appeal for this ground. See Seiler v. Sec'y, Fla. Dep't of Corr., No. 2:08-cv-285-FtM-29SPC, 2011 WL 836932, at *7 (M.D. Fla. Mar. 9, 2011) (not reported in F.Supp.2d) (same). Therefore, the federal dimension of ground three is unexhausted and procedurally barred.  It is clear from state law that any future attempts at exhaustion would be futile.  Therefore, the Court concludes that the claim is unexhausted and procedurally defaulted as Petitioner failed to fairly apprise the state court of the federal nature of his claim.[8]

---

[8] Petitioner's rather disingenuous citation and reliance upon Grant v. Sec'y, Dep't of Corr., No. 8:16-cv-1978-T-02SPF, 2019 WL 3718673, at *6 (M.D. Fla. Aug. 7, 2019) (not reported in F. Supp.) does not convince the Court to rule otherwise.  Reply at 13.  The respondents in Grant did not address exhaustion; therefore, this Court assumed arguendo that the petitioner had exhausted his federal claim and also determined the petitioner failed to show entitlement to relief.  Id. at *6 n.2.  Here, of course, the Respondents actually raise the specter of exhaustion and procedural default.  In addition, to the extent Petitioner relies on Wood v. Sec'y Fla. Dep't of Corr., No. 5:17cv163/MCR/EMT, 2019 WL 3021736, at *26 (N.D. Fla. May 22, 2019) to argue exhaustion, the Court finds his contention unpersuasive as the federal court in Wood had before it a claim of ineffective assistance of trial counsel raised in a post-

Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground three. Consequently ground three is due to be denied as barred from federal habeas review.

Finally, and alternatively, to the extent the federal claim was properly exhausted, the Court finds Petitioner is not entitled to habeas relief on ground three. "Cases in [the United States Supreme Court] have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." Spencer v. State of Tex., 385 U.S. 554, 563-64 (1967). The record demonstrates the following. Defense counsel promptly objected to the identified question, and it remain unanswered. Under these circumstances, Petitioner was not deprived of a fundamentally fair trial. Although the court denied the defense's motion for mistrial, the prosecutor's question remained unanswered, and the court prevented the prosecutor from delving further into that line of questioning. As a result, there were no repetitious, egregious prosecutorial improprieties that became a feature of the trial and warranted a mistrial nor was there misconduct so problematic to vitiate an entire trial. As noted by Respondents, even if posing

---

conviction motion, not a direct appeal claim of trial court error and the contention of failure to exhaust state court remedies on a federal claim.

the question was error, it was brief and isolated, the objection was prompt, and there was no reoccurrence.   Response at 33.   Thus, any error was not of such magnitude as to deny fundamental fairness.   <u>Alderman v. Zant</u>, 22 F.3d 1541, 1555 (11th Cir.), <u>cert. denied</u>, 513 U.S. 1061 (1994).

The 1st DCA affirmed.   Ex. G.   To the extent Petitioner exhausted his federal claim in the state courts, AEDPA deference is due to the 1st DCA's decision as the state court's adjudication of the claim is not contrary to or an unreasonable application of clearly established Federal law or based on an unreasonable determination of the facts.   As such, ground three, to the extent it was exhausted, is denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.      This action is **DISMISSED WITH PREJUDICE**.

3.      The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[9]   Because this Court has determined

---

[9] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or

that a certificate of appealability is not warranted, the **Clerk** shall terminate

from the pending motions report any motion to proceed on appeal as a pauper

that may be filed in this case.   Such termination shall serve as a denial of the

motion.

      **DONE AND ORDERED** at Jacksonville, Florida, this 18th day of

November, 2022.


_____
        BRIAN J. DAVIS
    United States District Judge



sa 11/15
c:
John Norfleet
Counsel of Record


---

that "the issues presented were 'adequate to deserve encouragement to proceed further,'"
Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880,
893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.